UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CANAL BARGE COMPANY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14–254** |
| **SUN COAST CONTRACTING SERVICES, LLC** | **SECTION: "H" (3)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 18). For the following reasons, the Motion is GRANTED. The Court will issue judgment in favor of Plaintiff.

### BACKGROUND

In this Admiralty action, Plaintiff asserts a single breach of contract claim against Defendant. Plaintiff, the owner of several barges, alleges that it chartered the barges to Defendant pursuant to a "Deck Master Barge Bareboat

1

Charter Party ("the Charter").[1] Plaintiff claims that it complied with all provisions of the Charter but that Defendant has refused to pay several outstanding invoices totaling $30,646.00. Plaintiff now seeks summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the

---

[1] A bareboat charter is a type of charter in which the lessee of the vessel assumes sole command and possession of the vessel for the duration of the charter. 2 Thomas J. Schoenbaum, *Admiralty & Maritime Law* § 11-3 (5th ed.).

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

2

non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Defendant has not opposed this Motion. This does not, however, mean that the Court may grant the Motion as unopposed. Rather, the Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[10] Indeed, on a motion for summary judgment, the moving party still

---

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[10] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) ("[The] failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint."); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of La. Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 709 (5th Cir. 1985).

3

"has the burden of establishing that there is no genuine dispute of material fact; and, unless that party does so, a court may not grant the motion, regardless [of] whether any response is filed."[11] In this District, the failure to file an opposition requires the Court to deem the moving party's statements of uncontested material facts admitted.[12] Nonetheless, the moving party must still make a *prima facie* showing of its entitlement to judgment.[13] Based on Plaintiff's statement of uncontested material facts and this Court's independent review of the record, there are no genuine disputes of material fact with respect to Plaintiff's entitlement to judgment under the Charter.

The Charter is a maritime contract governed by federal law.[14] When interpreting a maritime contract, the general rules of contract interpretation apply.[15] If a contract is unambiguous, the Court may not go beyond the four corners of the contract and must enforce the contract according to its plain meaning.[16]

The Charter's relevant terms are clear and unambiguous. It provides that Plaintiff will, from time to time, provide barges to Defendant at its request. Defendant was obligated to pay any invoices issued pursuant to the Charter

---

[11] *Davis–Lynch, Inc. v. Moreno*, 667 F.3d 539,550 (5th Cir. 2012) (citing *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776F.2d 1277,1279 (5th Cir. 1985)).

[12] *See* L .R. 56.2.

[13] *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1999).

[14] *Randall v. Chevron*, 13 F.3d 888, 894 (5th Cir. 1994) (overruled on other grounds *Bienvenu v. Texaco, Inc.*, 164 F.3d 901 (5th Cir. 1999)).

[15] *See Marine Overseas Services, Inc. v. Crossocean Shipping Co.*, 791 F.2d 1227, 1234 (5th Cir. 1986).

[16] *See Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 332–33 (5th Cir. 1981).

4

within 30 days after they were issued. The Charter also provides that all late invoices would be subject to a 1.5% monthly interest rate and that if Plaintiff was obliged to file suit to enforce the Charter, it would be entitled to attorney's fees of at least 25% of Plaintiff's total recovery.

Plaintiff has also submitted an affidavit from Spencer Murphy, its Vice President. The affidavit alleges that Plaintiff provided Defendant with several barges as required by the Charter but that 25 invoices remain outstanding. Plaintiff has submitted copies of the 25 outstanding invoices. These facts are also alleged in Plaintiff's Statement of Material Facts. As explained above, these facts are deemed admitted by Defendant's failure to oppose this Motion.

Accordingly, it is clear that Defendant has breached its obligations under the Charter. Therefore, it is liable to Plaintiff in the amount of the outstanding invoices, accrued interest, and attorney's fees.

The invoices reflect an outstanding balance of $30,646.00. These balances are subject to a 1.5% monthly interest rate beginning 30 days after each invoice was issued. The Court has calculated the outstanding interest to be $11,871.75. Finally, Plaintiff is entitled to attorney's fees totaling at least 25% of its recovery. The Court elects to award $10,629.44 as attorney's fees, precisely 25% of Plaintiff's total recovery. Therefore, the Court will enter judgment in favor of Plaintiff in the amount of $53,147.19. Post-judgment interest will accrue at the federal rate.[17]

---

[17] *See Enhanced La. Capital v. Brent Homes,* No. 12–2409, 2013 WL 5428687, at *4 (E.D. La. June 6, 2013).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is GRANTED. Judgment will be entered in favor of Plaintiff in the amount of $53,147.19.

New Orleans, Louisiana, this 2nd day of February, 2015.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**